IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:11-CR-73-WKW |
| | ) | |
| MARCUS RUFFIN | ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the court on the mandate of the Court of Appeals for the Eleventh Circuit entered on March 28, 2018. (Doc. # 161.) The Eleventh Circuit vacated the district court's order denying Defendant's 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines and remanded for this court "to consider whether, and to what extent, to reduce Ruffin's sentence." (Doc. # 160, at 3.) For the reasons that follow, Ruffin's motion is due to be granted, and his sentence will be reduced from 96 months to 83 months.

## **I. BACKGROUND**

On June 12, 2007, Ruffin was sentenced on a conviction for possession with intent to distribute cocaine base. Ruffin's conviction exposed him to a statutory sentencing range of not less than five years and not more than forty years. *See* 21 U.S.C. § 841(b)(1)(B). Ruffin's guideline range was 100 to 125 months based upon a total offense level of 27 and a criminal history category of IV. At Ruffin's sentencing hearing, the court granted the Government's motion for a one-level

downward departure under U.S.S.G. § 5K1.1 based upon the substantial assistance provided by Ruffin. To calculate the departure, the court reduced the total offense level from 27 to 26, which resulted in a sentencing range of 92 to 115 months. The court sentenced Ruffin to 96 months' imprisonment.

After Ruffin's sentence became final, the Sentencing Commission promulgated Amendment 782. Effective November 1, 2014, Amendment 782 reduced by two levels the base offense levels for most drug quantities in U.S.S.G. § 2D1.1. *See* U.S.S.G. Manual, supp. app. C, amend. 782 at 64–74, amend. 788, at 86–88 (Nov. 1, 2014). Amendment 788, by including Amendment 782 on the list of amendments in U.S.S.G. § 1B1.10(d), made Amendment 782 retroactive so as to lower sentences of qualifying previously sentenced inmates, but delayed for one year the release of eligible offenders.[1]

## II. DISCUSSION

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). Section 3582(c)(2) supplies one of those narrow exceptions and gives the district court discretion to modify a sentence if the

---

[1] A special instruction prohibited offenders from gaining release from custody under Amendment 782 prior to November 1, 2015. *See* § 1B1.10(d); *see generally United States v. Maiello*, 805 F.3d 992, 994–95 (11th Cir. 2015) (discussing the history of Amendments 782, 788).

following three prerequisites are met: (1) The defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)"; (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the relevant factors set out in 18 U.S.C. § 3553(a) demonstrate that the defendant is entitled to relief. § 3582(c)(2); *see United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017) ("Section 3582(c)(2) plainly tells us a defendant must overcome three distinct hurdles before he may obtain a sentence reduction thereunder."). As these requirements portend, a reduction of a sentence under § 3582(c)(2) "does not constitute a *de novo* resentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).

The Supreme Court of the United States has condensed the § 3582(c)(2) inquiry into two steps. Step one examines a defendant's eligibility for a sentence reduction, and, where eligibility is met, the extent of the reduction authorized. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction." *Dillon v. United States*, 560 U.S. 817, 827 (2010). The court calculates the impact of the applicable guideline amendment on the sentencing range and leaves intact all other original sentencing findings. The guideline amendment must lower the "applicable guideline range," which is "the guideline

range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10, comment. (n.1(A)).

Section 1B1.10 also dictates the extent of the reduction permitted. Generally, a § 3582(c)(2) authorized reduction cannot dip below the amended guideline range, but where the original sentence was below the guideline range, § 1B1.10 permits a "comparable" reduction below the amended guideline range. *Id.* § 1B1.10(b)(2)(B); *see also Dillon*, 560 U.S. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

The discussion is divided into three parts. Ruffin's eligibility for a sentence reduction under § 3582(c)(2) is established in the first part. The second part assesses the extent of a reduction authorized by § 1B1.10. Finally, in the third part, the § 3553(a) factors are considered on the issue of whether a reduction is warranted.

**A.     Ruffin is eligible for a sentence reduction.**

Section 3582(c)(2) authorizes a sentence reduction where the court originally set the term of imprisonment "based on a sentencing range that has subsequently

been lowered by the Sentencing Commission." § 3582(c)(2). The Eleventh Circuit concluded that Ruffin is eligible for a sentence reduction:

> The parties agree that after Amendment 782, Ruffin's base offense level would be 26, rather than 28. See U.S.S.D. § 2D1.1(c)(7) (2014). Holding constant the district court's other guidelines calculations made at the original sentencing, Ruffin's total offense level would be 25, and, with a criminal history category of IV, the resulting advisory guidelines range would be 84 to 105 months' imprisonment. See U.S.S.G. ch. 5, pt. A, Sentencing Table (2014). In other words, it is undisputed that Amendment 782 has the effect of lowering Ruffin's applicable advisory guidelines range. Thus, Ruffin was eligible for § 3582(c)(2) sentence reduction based on Amendment 782.

(Doc. # 160, at 3.)

**B.    A comparable departure for substantial assistance under § 5K1.1 is warranted.**

The Eleventh Circuit observed that, "at Ruffin's original sentencing, the district court departed downward under U.S.S.G. § 5K1.1 based on Ruffin's substantial assistance." (Doc. # 160, at 3.) It directed this court, on remand, to "consider whether a comparable reduction to the amended advisory guidelines range is also appropriate," but it "express[ed] no view on the matter." (Doc. # 160, at 3.)

Section 3582(c)(2) requires that the extent of the sentence "reduction [be] consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). The relevant "policy statement governing § 3582(c)(2) proceedings" is set forth in § 1B1.10. *Dillon*, 560 U.S. at 819. Section 1B1.10(b)(2)(B) applies for determining the extent of Ruffin's reduction. "If the term of imprisonment

5

imposed was less than the term of imprisonment provided by the guideline range . . . pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate." *Id.* § 1B1.10(b)(2)(B)).

The court finds that a reduction for substantial assistance is appropriate and, that, in this case, the offense-level-based approach employed at the original sentencing hearing is the best method for obtaining a comparable reduction for Ruffin's substantial assistance. *See United States v. Marroquin-Medina*, 817 F.3d 1285, 1292–93 (11th Cir. 2016) (holding that the district court has discretion to use any reasonable method to calculate a comparable reduction under § 1B1.10(b)(2)(B), but noting that "where the sentencing court in a § 3582(c)(2) proceeding employs the same methodology to calculate a reduction that it employed when calculating the degree of the original § 5K1.1 departure, the sentencing court's calculations will usually result in a comparable reduction for the purposes of § 1B1.10(b)(2)(B)").

At his original sentencing hearing, Ruffin received a one-level departure for substantial assistance under § 5K1.1. A departure of one level in a manner analogous to the original departure yields a total offense level of 24 and an advisory guidelines range of 77 to 105 months. At the original sentencing hearing, Ruffin received a sentence of 96 months, which was toward the low-end of the post-departure range of 92 to 115 months. After careful consideration, the court finds that a reduced

sentence of 83 months (also toward the low-end of the new range) reflects a comparable departure. Accordingly, Ruffin's sentence will be reduced to 83 months' imprisonment.

## C. **The § 3553(a) factors warrant a sentence reduction.**

Finally, the applicable § 3553(a) factors must be assessed to determine whether the authorized reduction is warranted. The court has considered the § 3553(a) factors—in particular, the nature and circumstances of the offense and Ruffin's history and characteristics, the need for his sentence to reflect the seriousness of the offense, and the need to promote respect for the law and afford adequate deterrence. In light of the applicable § 3553(a) factors, the court finds that 82 months is a reasonable and appropriate sentence.

## III. CONCLUSION

Based on the foregoing, it is ORDERED that Marcus Ruffin's sentence is REDUCED to 83 months. All other provisions of the Judgment (Doc. # 89) remain in full force and effect.

DONE this 28th day of March, 2018.

                                          /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE